Agnes Burns, Appellee, v. Charles R. Kunz and Fred Kunz, Appellants.

Gen. No. 39,393.

Opinion filed May 10, 1937.   Rehearing denied May 24, 1937.

Thomas P. Quinn, of Chicago, for appellants.

Louis T. Herzon, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against Charles R. Kunz, Fred Kunz and the City of Chicago to recover damages for personal injuries claimed to have been sustained by her through the negligence of the defendants in failing to keep a sidewalk in repair. At the close of all the evidence the court sustained a motion of the City of Chicago for a directed verdict and it was dismissed out of the case. The jury returned a verdict against the two Kunzes for $2,500; judgment was entered on the verdict, and they appeal.

November 20, 1934, plaintiff filed her complaint alleging that on or prior to May 31, 1934, the Kunzes and the City "were jointly and severally possessed of and had control of a certain public sidewalk" on Ohio street at its intersection with Spaulding avenue, Chicago; that it was the duty of the defendants to use due care to keep and maintain the sidewalk in good condition for the passage of persons walking on it; that defendants failed to keep the sidewalk in good repair but negligently suffered it to be and remain "in bad and unsafe condition and repair and the surface of the same to be broken and depressed and permitted broken stone and disintegrated cement, from which said sidewalk was constructed, to be and remain in fragments and loose upon the surface" at the place in question so that certain parts or slabs of the sidewalk protruded above the level of the sidewalk, and that plaintiff, who was then and there walking on the sidewalk and who was in the exercise of due care for her own safety, "unavoidably and necessarily tripped, stumbled and her feet gave way beneath her from said unevenness caused by the said bad repair of said sidewalk" and

she was thereby thrown and severely injured. It is further alleged in the complaint that plaintiff gave to the city officials the notice required by statute.

The City filed its answer and on December 17, 1934, the Kunzes filed their answer in which they denied that they jointly and severally possessed and had control of the sidewalk in question, and denied that it was their duty to keep and maintain the sidewalk in a good and safe condition.

October 13, 1936, nearly two years after the action was instituted, the cause was called for trial, a jury impaneled, and at the close of all the evidence, October 15th, the court instructed the jury to find defendant City of Chicago not guilty, the case went to the jury as to the Kunzes, and the verdict was in plaintiff's favor and damages were assessed at $2,500.

The Kunzes filed a written motion for a verdict in their favor notwithstanding the verdict. They also filed a written motion for a new trial, one of the grounds being that the court erred in not instructing the jury to find for the defendants at the close of all the evidence. November 20, 1936, the court overruled defendants' motion for judgment notwithstanding the verdict, their motion for a new trial and their motion in arrest of judgment, and entered judgment on the verdict. December 5th the Kunzes filed their notice of appeal; they afterward filed their praecipe for record, and on December 14th notice was served on counsel for plaintiff that the Kunzes would, on the next day, ask the court to fix the amount of the appeal bond; December 15th an order was accordingly entered fixing the appeal bond at $3,500. The next day, pursuant to notice given by counsel for plaintiff, the court entered an order giving plaintiff leave to file her "Amended Bill of Complaint *nunc pro tunc* as of October 15, 1936," and an amended complaint was that day filed. The amended complaint was against the Kunzes and it al-

leged that they possessed and had control of the sidewalk on Ohio street near Spaulding avenue, etc.

The evidence is not preserved in the record, but the given and refused instructions are erroneously incorporated in the common law record. The proper place for instructions is in the report of the proceedings of the trial; they have no proper place in the common law record. (*Janelunas v. Chicago Fraternal Life Ass'n,* 286 Ill. App. 219.) Since there is no evidence in the record the instructions cannot be considered. Whether an instruction is good or bad, obviously must be determined from the evidence.

Counsel for defendants say that the case was dismissed as to the City of Chicago because of the insufficiency of the statutory notice which failed to give the name of the plaintiff and her address; that "it was an afterthought that proof was offered by the plaintiff in an attempt to convince the jury that the defendants, appellants, were guilty of negligence, which to their surprise and consternation, she was successful in doing." There is no warrant in the record for such statement. As stated, the evidence is not preserved. Just why counsel for the defendants should have been surprised does not appear, because the complaint ran against them and was filed nearly two years before commencement of the trial.

Counsel further say that, "Defendants were called to trial suddenly and did not have a court reporter; therefore, had no record of the proceedings." This is not borne out by the record. The case went to trial and a jury was impaneled on October 13; the trial continued on the 14th of October and the jury rendered its verdict on the 15th of October.

Counsel for defendants also complains of erroneous rulings on instructions. Obviously such argument has no place in view of the fact that the evidence is not preserved in the record.

Counsel for plaintiff in his brief contends that the defendants' statement of the case in their brief, "is erroneous and in violation of Rule 23," and then proceeds to give the form of the action, the nature of the pleadings, the evidence and judgment. We have no such rule nor has the Supreme Court enacted any such rule. Rule 23 of the Supreme Court provides for the keeping of trial dockets; Rule 23 of this court provides for the trial of agreed cases where questions of law are certified. Briefs in this court should be prepared in accordance with Rule 7 of this court.

In her complaint plaintiff alleged that she was injured by reason of the defective condition of a public sidewalk in Chicago through the negligence of the Kunzes and the City of Chicago in failing to keep it in repair; and after the City of Chicago had been instructed out of the case and after the verdict and judgment in her favor against the Kunzes, and also after notice of appeal and praecipe for record, plaintiff by leave of court filed an amended complaint against the Kunzes. But the amended complaint also alleged that the sidewalk was "located on a certain street called Ohio street" at its intersection with Spaulding avenue, in Chicago. Neither the complaint nor the amended complaint stated a cause of action against the Kunzes. It was the duty of the City of Chicago to keep the sidewalk in repair, and not that of the Kunzes, the abutting property owners. *City of Bloomington v. Bay,* 42 Ill. 503; *Gridley v. City of Bloomington,* 88 Ill. 554; *City of Chicago v. O'Brien,* 111 Ill. 532; *City of Chicago v. Crosby,* 111 Ill. 538.

The *Bay* case (42 Ill. 503) was an action against the City to recover damages for personal injuries occasioned by a defective sidewalk. It was contended that the abutting property owner alone was liable, but the contention was overruled. The court there said (pp. 506, 507): "The establishment of sidewalks is the act

of the authorities, they, by ordinance, requiring, along certain streets on both sides, a certain width to be left, to be used as sidewalks for pedestrians. . . .

"The fact that the city authorities could impose the duty of constructing sidewalks upon the lot owners, cannot relieve them from their liability, in case a sidewalk, no matter by whom constructed, is suffered to be and remain out of repair and dangerous to use." And the court there held that although the abutting property owner built the sidewalk it was the duty of the City to keep it in a safe condition for use.

In the *Gridley* case (88 Ill. 554) the validity of a city ordinance which required the abutting property owner to remove snow from the sidewalk in front of his premises and providing for a penalty for failure so to do, was held invalid for the reason that it was the duty of the City and not the abutting property owner to use diligence to keep the sidewalks in a safe condition. The court there said (p. 556): "It is plain defendant has no other interest in the street in front of his property than any other citizen of the municipality. The same is true of the sidewalk. It is a part of the street set apart for the exclusive use of persons traveling on foot, and is as much under the control of the municipal government as the street itself. . . . The sidewalk, as was declared in the case cited [40 Ill. 211] is as much a public highway, free to the use of all, as the street itself, and, upon principle it follows the citizen cannot be laid under obligations, under our laws, to keep it free from obstructions in front of his property at his own expense, any more than the street itself." To the same effect are the *O'Brien* and the *Crosby* cases in 111 Ill.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.