Hattie Thomas, Appellee, v. Oscar F. Douglas, Trading as Douglas Funeral Home, Appellant.

Gen. No. 46,106.

Opinion filed January 20, 1954. Rehearing denied February 9, 1954. Released for publication February 25, 1954.

SAMUEL LEVIN, of Chicago, for appellant.

AARON H. PAYNE, JAMES Y. CARTER, and LYCURGUS J. CONNER, all of Chicago, for appellee; LYCURGUS J. CONNER, of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a judgment in the sum of $3,375 entered upon the verdict of a jury in an action to recover damages for personal injuries resulting from the plaintiff falling into a window well on defendant's premises while walking upon a private passageway located on land adjoining defendant's premises and adjacent to the window well. Defendant's motions for judgment notwithstanding the verdict and in the alternative for a new trial were overruled. Afterward defendant's alternative motion for a new trial was withdrawn.

The accident happened about nine o'clock p. m. December 21, 1947 on the premises located at 4521 South State Street, a north and south street in the City of Chicago, Cook county, Illinois. The premises were improved by two buildings. Plaintiff lived on the second floor of the rear building. The building on the front of the lot faces west on State Street, is four stories high, and contains apartments except on the first floor where defendant operates a funeral parlor. There are two entrances on State Street, one on the north to the funeral parlor and the other on the south leading to the apartments on the second floor. At the east end of the hall on the second floor there are two stairways, one leading to the upper floors and another from the second floor to the ground floor. The latter stairway can be used as a means of ingress and egress by occupants of the rear building who enter defendant's premises from State Street. Along the north wall of the front building about fifty feet east of the building line on State Street there is a recess or setback extending from the roof to about three feet below the surface of the ground, containing windows on each floor including the basement apartment underneath defendant's funeral parlor. The window well in the basement apartment is encased in concrete and is designed to furnish

light and air. This window well was constructed before the defendant acquired the premises. The rear building, where the plaintiff resided, has two entrances, one on the west side facing the east end of the front building, and the other on the east side about eight or ten feet west of a fifteen-foot public alley at the rear of the premises, running parallel to State Street. There is a passageway approximately two feet wide between defendant's building and a dwelling house immediately to the north.

About eight o'clock p. m. on December 21, 1947 plaintiff, a waitress, left her place of employment and proceeded to her home. She alighted from a northbound State Street car at the intersection of 46th Street and then walked north on the east side of State Street to defendant's premises, where she turned into the passageway along the north wall of defendant's building and proceeded east until she fell into the window well.

Plaintiff testified that she had resided in defendant's premises for about six weeks preceding the accident; that she always used the alley entrance in going to or from her apartment; that she had never used the passageway prior to the accident; that she did not know of its existence and that at the time of the accident the passageway was dark.

There is also evidence tending to prove that for several years prior to the occurrence all the occupants of the rear building, where plaintiff lived, had used the passageway in question; that on the night of the accident a street light on Wabash Avenue, which is the next street east of and paralleling State Street, cast light into the passageway used by the plaintiff, sufficient to see through it; that there was no illumination in the window well or in the passageway, from the windows in the north wall of the defendant's building; and that there was no abutment, barrier, or fence in front of

264

the window well immediately adjoining the passage-way.

One of plaintiff's witnesses, a former tenant in the rear building, also testified in substance that she feared using the alley entrance at any time.

Defendant contends that plaintiff is guilty of contributory negligence as a matter of law.

██ ██ The only question presented by defendant's motion for judgment notwithstanding the verdict is whether there was any evidence which, when taken with its aspect most favorable to the plaintiff proved or tended to prove plaintiff's cause of action. If there is any evidence tending to sustain every element of plaintiff's case necessary to be proved to sustain a cause of action it is immaterial upon which side the evidence is introduced. (*Berg v. New York Cent. R. Co.,* 391 Ill. 52; *Merlo v. Public Service Co. of Northern Illinois,* 381 Ill. 300.) In reviewing the action of the trial court we cannot reweigh the evidence and we look only at that which is favorable to plaintiff. (*George v. E. I. du Pont de Nemours & Co.,* 348 Ill. App. 495.)

██ The question of contributory negligence is preeminently for consideration of the jury as such negligence cannot be defined in exact terms, and unless it can be said that the action of the injured person is clearly and palpably negligent it is not within the province of the court to substitute its judgment for that of the jury. (*Blumb v. Getz,* 366 Ill. 273; *Moffitt v. O. L. D. Forwarding Co.,* 331 Ill. App. 278.)

Defendant relies on *Hart v. Sullivan,* 324 Ill. App. 243 and cases there cited. In the *Hart* case the deceased sustained fatal injuries resulting from the unlighted condition of a stairway landing in defendant's building. This court said, at page 247:

"Without familiarity with the premises and without any urgent necessity to do so, deceased persisted in

ascending the steps, crossing the first landing, and advancing through the door to the west in utter darkness. Such conduct has been held to be contributory negligence as a matter of law."

■ ■ In our view the facts in the *Hart* case and other cases relied on by defendant are clearly distinguishable from this case. The governing principle has been clearly stated in *Dively v. Penn-Pittsburgh Corporation,* 332 Pa. 65, where that court classified cases of this type into two groups. The court said, at page 69 : "There are those in which a person wanders around in a place absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence. In such cases recovery is denied. There are other cases where there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light. Under such circumstances contributory negligence will not be declared as a matter of law." In the instant case there is no evidence tending to show that plaintiff knew or that she or the other tenants of the rear building were informed by defendant that she could gain access to her home in the rear building through the south entrance on State Street by walking up a flight of stairs at the front of the building and down another at the rear. Defendant had a duty to furnish plaintiff with a reasonably safe means of ingress to and egress from her home at night. Here plaintiff, a woman forty years of age, was, on the night of the accident, confronted with making a choice between the use of a dark public alley which testimony showed women feared, and a private passageway in which there was sufficient light to enable her to see persons in it. Under the circumstances shown by the evidence we think reasonable men could differ as to whether plaintiff was guilty of contributory negligence in electing to use the passageway to reach her home, and that a jury could find there was a reasonable neces-

sity for plaintiff's presence in the passageway at the time she suffered the injuries here complained of.

██ Defendant insists that he owes no duty to plaintiff since there is no charge in the complaint or proof that defendant owned or controlled the passageway. Defendant says that plaintiff was a trespasser upon the private passageway at the time of the occurrence. Defendant not being the owner of the land upon which the passageway is located is in no position to complain, nor is it material whether defendant owned or controlled the passageway on the night of the occurrence. The evidence shows that all of the tenants in the rear building had used the passageway for several years before the accident. The unguarded window well adjacent to the passageway constituted a dangerous condition. In our view it is unnecessary to discuss the other issues raised, such as plaintiff's alleged voluntary intoxication on the night of the accident. This like the other questions, we think, presented issues of fact which the jury resolved in plaintiff's favor.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

FEINBERG, P. J. and KILEY, J., concur.