DE ANNA DECKER, Plaintiff-Appellant, *v.* POLK BROTHERS, Defendant-Appellee.

First District (5th Division)    No. 61843

Opinion filed October 22, 1976.

Desort & Panek, of Chicago (William J. Flotow, of counsel), for appellant.

Menk, Bishop and Kezelis, of Chicago (John T. Mehigan, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought suit against defendant for injuries she sustained in a fall on a public sidewalk abutting defendant's property. Following a jury verdict in favor of plaintiff, the trial court entered a judgment *n.o.v.* because plaintiff failed to show that defendant either owned or controlled the sidewalk. On appeal, plaintiff contends that defendant's duty of care extends to the public sidewalk.

Defendant operates two stores on North Central Avenue in Chicago; one on the northwest corner of George Street and Central Avenue (2850 North Central Avenue), and the other less than a quarter of a block north, across George Street (2910 North Central Avenue). Both stores have entrances on Central Avenue. Adjacent to each is a public sidewalk, owned by the City of Chicago, extending from the store to the street.

On May 7, 1970, plaintiff parked her car on Central Avenue, approximately 10 feet north of the north entrance of the 2910 store. She began her shopping at this store, however, she was later directed by defendant to the 2850 store for the specific item she sought. There she found the merchandise she wanted, concluded her business and departed. Walking north on Central Avenue toward her automobile, she twisted her ankle on a depression in the sidewalk several feet from the north door of the 2910 store.

Plaintiff filed a two-count complaint. Count I, directed against the City of Chicago, charged that it "owned, controlled, maintained, and possessed" the sidewalk on which she fell. Count II directed against

defendant, alleged that she was lawfully on Polk Brothers premises when she fell, because of a "broken sidewalk and a protruding water cover which was located near the entrance of said premises." The City of Chicago was dismissed for plaintiff's failure to serve the proper statutory notice (Ill. Rev. Stat. 1969, ch. 85, pars. 8—101, 8—103), and the case proceeded to trial against defendant alone.

After the jury returned a verdict in favor of plaintiff in the amount of $10,000, the court granted defendant's motion for a judgment *n.o.v.*, because plaintiff failed to show that defendant had any legal duty to either repair or warn plaintiff of any defect in a public sidewalk the store neither owned nor controlled.

Plaintiff contends that defendant had a legal duty to provide her with a reasonably safe means of egress, beyond the precise boundaries of its premises and is therefore liable for the injuries she sustained.

OPINION

■■ Although an owner or occupier of premises has a duty to provide a reasonably safe means of ingress and egress both on his premises and "within limitations dictated by the facts of the case, beyond the precise boundaries of such premises [citations]" (*McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369, 372), courts generally have not found him liable for personal injuries incurred on a public sidewalk under the control of a municipality. *Burns v. Kunz* (1937), 290 Ill. App. 278, 8 N.E.2d 360; 9 Ill. L. & Pr. §536 (1954).

Plaintiff has cited to us a number of cases, which she insists suggests a relaxation of this rule. Most of these cases, although containing general dicta on the duty to prove a reasonably safe means of egress, were either decided in favor of the defendant landowner (*Stedman v. Spiros* (1959), 23 Ill. App. 2d 69, 161 N.E.2d 590; *Seipp v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 852, 299 N.E.2d 330; *Friend v. Hotel Del Prado Co.* (1938), 296 Ill. App. 647, 16 N.E.2d 935) or do not involve a public sidewalk. *Steinberg v. Northern Illinois Telephone Co.* (1931), 260 Ill. App. 538; *Thomas v. Douglas* (1954), 1 Ill. App. 2d 261, 117 N.E.2d 417.

Although the two remaining cases upon which she relies (*Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 196 N.E.2d 396; *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369) did hold the abutting landowners liable for injuries sustained on public sidewalks, they are clearly distinguishable from her case. The *Cooley* court specifically predicated its decision on the fact that the use of the 18-foot brick walk which was located on a public easement, and linked defendant's tavern to the city sidewalk, was "factually much different than that enjoyed by the general public in the normal sidewalk." (46 Ill. App. 2d 25, 28, 196 N.E.2d 396, 397.) Similarly, the *McDonald* case, in which plaintiff fell in a hole on

a public parkway abutting defendant's bowling alley, involved special facts not present here. There the court found that defendant had assumed use of the parkway for the ingress and egress of its patrons, allowed customers to block the public sidewalk forcing plaintiff to use the parkway, ordered the excavation work which created the hole, and knew of the hole's existence for some time prior to the accident.

■■ We find no facts in this case which would warrant the departure made in *McDonald* and *Cooley* from the established line of cases in this area. The sidewalk in question is owned, controlled, and maintained by the City of Chicago and is used by the public at large—not just by patrons of defendant. No evidence was adduced showing that defendant ever exercised any control over the area. Plaintiff's remedy, if one was to be had, was against the City of Chicago. Because plaintiff failed to prove that defendant owed her any legal duty regarding the sidewalk upon which she was injured, the trial court properly entered judgment in defendant's favor.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.