Virginia F. STRAUCH,
Plaintiff-Appellant,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 79–1968.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 16, 1980.

Oct. 8, 1980.*

Rule 35. The panel has decided to issue the decision as an opinion.

Robert S. Minetz, Malato, Stein & Grossman, Chicago, Ill., for plaintiff-appellant.

Thomas P. Sullivan, U. S. Atty., Frederick H. Branding, Mary S. Rigdon, Canella Henrichs, Asst. U. S. Attys., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, SPRECHER and BAUER, Circuit Judges.

SPRECHER, Circuit Judge.

Plaintiff Virginia F. Strauch brought this action against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346(b) and §§ 2671 *et seq.*) for damages sustained as a result of her fall on a sidewalk near a United States Post Office on April 8, 1976. Plaintiff appeals from the judgment of the district court rendering summary judgment in favor of the United States.

## I

The facts of this case are not in dispute. On April 8, 1976, plaintiff went to the Edgebrook Postal Station at 6413 North Kinzua Avenue in Chicago. She parked her car in the parking lot located adjacent to the Edgebrook Postal Station. After leaving the postal station, plaintiff walked back toward the parking lot via the sidewalk adjacent to the parking lot and postal station. This public sidewalk is the only route for pedestrian travel between the postal station and parking lot. While walking back on this sidewalk, plaintiff tripped and fell on a portion of the sidewalk adjacent to the parking lot, sustaining the injuries of which she now complains.

The sidewalk where the accident occurred is a public sidewalk owned by the City of Chicago.[1] The United States is the lessee

---

1. The City admitted that it owned and maintained the sidewalk where Mrs. Strauch fell.

(Affidavit of Robert Marzullo, Original Record at 56). Plaintiff did not sue the City of Chicago

of both the parking lot and the postal station.[2] Mrs. Strauch brought this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.* She claims that Illinois law imposes a duty to provide a safe means of entry and exit for business invitees; that this duty extends beyond a business' lot line; and that, therefore, the United States is liable for injuries to postal patrons on the public sidewalk. Plaintiff further claims that the United States should be estopped from denying liability because of alleged admissions made by Robert Ryan, Jr., a postal employee who investigated plaintiff's accident.

Defendant United States' motion for summary judgment was granted by Judge McGarr by memorandum opinion and order dated July 23, 1979.

## II

Plaintiff claims that despite the fact that the City of Chicago, not the United States, owns the sidewalk, the United States can be held liable for injuries stemming from the allegedly dangerous condition of the sidewalk. The liability of the United States under the Federal Tort Claims Act is governed by Illinois law.[3] Plaintiff claims that under Illinois law, the United States should be held responsible for injuries to postal customers beyond the postal station's lot line because the postal station was designed with the knowledge that the sidewalk was the only means provided for customers to walk between the post office and parking lot.

█ The City has admitted that it owns and maintains the sidewalk in question.[4] As a general rule it is the duty of the city to keep the sidewalk in repair,[5] and the abutting landowner is not liable to members of the public for injuries caused by failure to maintain a sidewalk. *Burns v. Kunz*, 290 Ill.App. 278, 8 N.E.2d 360 (1973); *Summers v. Springfield*, 33 Ill.App.3d 474, 337 N.E.2d 72 (1975). Illinois courts have carved out exceptions to the general rule. But those cases allowing exceptions involved significantly more control over the walkway by the owner of the abutting property than is found here.

One case allowing the exception was *McDonald v. Frontier Lanes, Inc.*, 1 Ill.App.3d 345, 351, 272 N.E.2d 369, 372 (1971). In *McDonald*, the plaintiff was injured when she stepped into a hole in a city-owned parkway located between the public sidewalk and the parking lot maintained by defendant for its tavern and bowling patrons. The hole had been caused by settling following excavation and installation of an underground gas pipe, installed at the defendant's request. In addition, there was evidence that customers often drove over the parkway to reach the parking lot and also parked on the street and walked across

---

and now the statute of limitations bars any claim she may have had against the City.

2. The land on which the postal station is located is owned by Daniel Horwich and Ruth Horwich, beneficiaries of Trust No. 4317, of which the trustee is the Western National Bank of Cicero. Daniel and Ruth Horwich and the Western National Bank of Cicero were defendants in the action below and were granted summary judgment along with the defendant United States. No appeal has been taken from the order in favor of the landowners Horwich, et al.

3. 28 U.S.C. § 2674 provides:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, . . . .

*See also* 28 U.S.C. § 1346(b); 28 U.S.C. § 2672. The law to be applied is that of the state where the operative effect of the tortious act or omission occurred. *Richards v. United States*, 369 U.S. 1, 10, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962); *Bowen v. United States*, 570 F.2d 1311, 1317 (7th Cir. 1978).

4. Affidavit of Robert Marzullo, Original Record at 56.

5. This duty is not explicitly stated in Chicago's Municipal Code, but can be inferred from sections of that Code, as well as from the cases cited above. Section 11–30 provides that it is the duty of all policemen to report defects in sidewalks, and § 33–23 forbids any person to build, repair, or otherwise disturb any sidewalk without first obtaining a permit from the department of streets and sanitation.

the parkway to enter the tavern, there being no designated walkway between the door and the street.

The appellate court refused to enter a judgment n. o. v. in favor of defendant since, in light of the high degree of use and control defendant had exercised over the parkway, the jury could have reasonably found that the defendant had failed "to exercise the care of a prudent man to provide reasonably safe means of egress from its premises and to give its invitee adequate warning of those dangers known to defendant which were not apparent." *Id.*, 1 Ill. App.3d at 353, 272 N.E.2d 369; *see also Altepeter v. Virgil State Bank*, 345 Ill.App. 585, 104 N.E.2d 334 (1952).

*McDonald* is distinguishable from the instant case, where the defendant United States did not exercise any amount of control over the city sidewalk. As stated by the district court:

> In *McDonald*, the owner had in effect appropriated the use of the public way by allowing customers to impede the pedestrian use of the walk by the parking of autos. In addition, he had failed to correct, properly illuminate, or adequately warn of a hazard of which he had knowledge and which had been occasioned at his instigation.

No. 78 C 375, Memorandum Opinion and Order at 6–7 (July 23, 1979).

The Illinois courts allowed another exception to the general rule that owners of abutting property are not liable for injuries on city walkways in *Cooley v. Makse*, 46 Ill.App.2d 25, 196 N.E.2d 396 (1964). There, the plaintiff sustained injuries from a fall over some loose bricks in a brick walk located on a city easement and leading from the front door of a tavern to the city sidewalk. The defendant tavern operator appealed from the judgment entered on the jury verdict against her. The appellate court held that since the walk in question was the only. path to the tavern, and since the walk was used exclusively for ingress to and egress from the tavern, and not by the general public, "the duty of the defendants in this case to their invitees extends beyond naked and precise property lines." *Id.*, 46 Ill.App.2d at 31, 196 N.E.2d 396.

The instant situation is not similar to the *Cooley* situation. Here, the sidewalk is not used exclusively by the post office patrons. It is an ordinary sidewalk, used by members of the general public as a public thoroughfare. It is true that the sidewalk was the only path available for plaintiff to walk between the post office and post office parking lot, but this would also be true if plaintiff had parked several blocks away and walked to the post office via the sidewalk. The mere fact that postal patrons must foreseeably use the sidewalk does not represent sufficient control by the postal station to justify departure from the general rule that public sidewalks are not the responsibility of owners or occupiers of abutting land.

■ This court agrees with the district court that, rather than fitting within the *McDonald* and *Cooley* exceptions, the facts of this case more closely resemble the facts in *Decker v. Polk Brothers*, 43 Ill.App.3d 563, 2 Ill.Dec. 432, 357 N.E.2d 599 (1976). In reaching this conclusion, we adopt the reasoning of the district court below. The district court stated:

The circumstances of the instant case more closely approximate those in *Decker v. Polk Brothers*, 43 Ill.App.3d 563, 2 Ill.Dec. 432, 357 N.E.2d 599 (1st Dist. 1976). Defendants therein owned two stores on Central Avenue in Chicago. Plaintiff had parked her car on the street and entered the northern-most store. She was directed to the other store, where she completed her business and returned to her car. She twisted her ankle in a depression in the sidewalk several feet from the door of the north store. After a jury verdict for plaintiff, the trial court entered a judgment n. o. v. for defendants, finding that defendant had no legal duty to repair or warn plaintiff of any defect in a public sidewalk the store neither owned nor controlled. The appellate court affirmed the judgment, finding *McDonald* and *Cooley* distinguishable and limited to the facts of those cases.

In light of these decisions, the court finds that defendant United States has not assumed a special use, ownership, or control over the public sidewalk adjacent to its building and parking lot by virtue of the fact that it is the most direct route between the two points. The sidewalk remains a publicly-used way, despite the fact, as plaintiff urges, that the street on which it fronts is a minor one (as distinguished from Central Avenue in *Decker*). Defendant has not appropriated sole use of the walk, as in *Cooley*, nor lead plaintiff "into a dangerous trap" as in *McDonald*. The court in *Decker* affirms well-settled law that exceptions to the principles in *Burns v. Kunz* are taken only in unusual circumstances.

No. 78 C 375, Memorandum Opinion and Order at 7–8 (July 23, 1979).

### III

Plaintiff also claims that since Robert Ryan, Jr., the postal inspector who investigated her accident, concluded that the Postal Service appeared to be liable for plaintiff's injuries,[6] this alleged admission created an issue of fact that should not have been determined on a motion for summary judgment. However, not only was Ryan's alleged "admission" erroneous as a matter of law, for the reasons explained in Part II, above, but it was made outside the scope of his agency or authority. Ryan's job was to investigate "motor vehicle and other accident cases involving personal injuries and major property damage." (Job Description of Postal Inspector Ryan, Appendix of United States at A–16). Ryan is not a lawyer and did not have the authority to make legal decisions on behalf of the United States. Thus, Ryan's opinion regarding liability does not constitute an admission of liability by the United States.

Plaintiff cites cases where statements by employees were admissible against their employers. But in those cases, the statements of the employees contained findings of fact rather than bare legal conclusions. *See Eastern Rotorcraft Corp. v. United States*, 397 F.2d 978, 983 (Ct.Cl.1968) (statements of fact admissible although mixed with conclusions of law); *Pekelis v. Transcontinental & Western Air, Inc.*, 187 F.2d 122, 129 (2d Cir. 1951) (official reports of investigation of airline crash admissible); *Pioneer Steamship Co. v. United States*, 176 F.Supp. 140, 148 (E.D.Wis.1959) (finding in defendant's official report of no evidence of negligence by plaintiff admissible). These cases might be applicable if the United States owned the sidewalk and Ryan had made a statement concerning the condition of the sidewalk which the United States later contested. But here, Ryan's statement did not create any issue of fact, since the United States does not own or control the city sidewalk. Because Ryan's alleged admission was simply an opinion, later specifically disavowed by his principal, it was appropriate for the district court to enter summary judgment on that issue of law. The fact that Ryan was not authorized to bind the Government to a legal position is also relevant to plaintiff's estoppel argument, discussed below.

### IV

Plaintiff claims that because of Ryan's alleged misrepresentation, the United States should be estopped from denying liability. According to Ben Goldwater, plaintiff's attorney, Ryan told him:

> that the Postal Service was responsible for all maintenance of sidewalks and streets, to the middle of the street adjacent to the postal premises and parking area. Mr. Ryan further advised me that the United States would be responsible for any claims.... In reliance on Mr. Ryan's statement concerning jurisdiction, no city notice was ever served on the City of Chicago and no suit was filed against this municipality.

Affidavit of Ben Goldwater, attorney for plaintiff, June 5, 1979, Original Record at 66, Exhibit 4.

---

6. The United States admitted that Ryan concluded that liability for Mrs. Strauch's injuries rested with the government, but denied that this statement was made within the scope of Ryan's authority. (Original Record at 45, ¶¶ 11, 12).

Estoppel against the United States is rarely appropriate. *Gressley v. Califano,* 609 F.2d 1265, 1267 (7th Cir. 1979). Estoppel against the Government is especially inappropriate where, as here, the basis of the estoppel is an "unauthorized representation or act of an officer or employee who is without authority in his individual capacity to bind the Government." *Goldberg v. Weinberger,* 546 F.2d 477, 481 (2d Cir. 1976). As recently stated by this court, "[g]enerally, reliance on misinformation provided by a Government employee does not provide a basis for an estoppel." *Gressley,* 609 F.2d at 1267. *See also Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947).

While this court is among the minority of jurisdictions that have applied estoppel to the Government, we have done so only reluctantly and with great caution. *Gressley,* 609 F.2d at 1267. Although we did allow such estoppel in *United States v. Fox Lake State Bank,* 366 F.2d 962 (7th Cir. 1966), that case is easily distinguishable from this case. The estoppel in *Fox Lake* worked only to prevent the Government from suing a bank to recover a statutory forfeiture and penalty for filing an allegedly false claim for losses on FHA insured loans. The Government itself had encouraged the bank to file the claims in order to determine eligibility for payment, and the bank had reasonably believed that the FHA already knew the facts underlying the claims. As stated by this court in *Gressley,* 609 F.2d at 1268:

> When we estopped the government in *Fox Lake* we merely held that in light of the actions of the FHA it would be unfair for the Government to exercise its discretion to sue.

Plaintiff's reliance on *United States v. Lazy FC Ranch,* 481 F.2d 985 (9th Cir. 1973), a case very similar to *Fox Lake,* is

similarly misplaced. In *Lazy FC Ranch,* the Government specifically encouraged a partnership to enter into certain contracts; indeed, it also denied the partnership's later request to terminate those contracts. Subsequently, when later regulations prohibited the type of contracts created, the Government sought to recover payments made under the contracts. The Ninth Circuit held that the Government was estopped from recovering payments made under the contracts because of the Government's involvement in specifying the contracts.

In this case, unlike the situation in both *Fox Lake* and *Lazy FC Ranch,* the Government did not encourage specific action or make false representations regarding the precise reason why the plaintiff cannot recover: plaintiff's failure to timely file suit against the City. The Government made no false representations concerning the statute of limitations.[7] This is not a situation where the Government specifically encouraged a mistake of which it then took advantage.

Furthermore, plaintiff's reliance on Ryan's statement was not reasonable. As stated by the district court:

> As noted above, the law in Illinois holding it the duty of a municipality, and not a property owner or lessee, to maintain sidewalks in safe condition is well settled and the exceptions to it few. An attorney has easy access to the state of the law, as well as a duty to a client to assess it thoroughly, and an attorney is far more able to evaluate potential liability than an employee of the postal service who investigates accidents. As the affidavit of Robert Marzullo, Deputy Commissioner of the Bureau of Streets for the City of Chicago, demonstrates, the fact that the sidewalk in front of the Edgebrook Postal Station and parking lot is now, and was on April 8, 1976, a part of the

---

7. For this reason plaintiff's reliance on *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), is misplaced. The *Glus* case involved a specific misrepresentation regarding the statute of limitations. Moreover, not all misrepresentations regarding statutes of limitation necessarily con-

stitute grounds for estoppel. *See Broussard v. Patton,* 466 F.2d 816, 820 (9th Cir. 1972) (estoppel is no bar to prosecution for desertion when agent of the Air Force who told defendant that the statute of limitations had run on any action for desertion was honestly mistaken).

public way and owned and maintained by the City of Chicago, was readily ascertainable by plaintiff's attorney using reasonable diligence. As a matter of law, defendant United States cannot be estopped from denying liability for the subject injury by the alleged words of Investigator Ryan.

Memorandum Order and Opinion at 11–12 (July 23, 1979).

Accordingly, the judgment of the district court is AFFIRMED.