FRANK N. KOKOSZYNSKI, Indiv. and as Special Adm'r of the Estate of Marlene Kokoszynski, Deceased, *et al.*, Plaintiffs-Appellants, v. CHICAGO SOUTH SHORE AND SOUTH BEND RAILROAD, Defendant-Appellee (Howard T. Menn, Defendant).

First District (3rd Division)   No. 1—90—2489

Opinion filed February 17, 1993.

Monico, Pavich & Spevack, of Chicago (Robert J. Pavich and Mary G. Broderick, of counsel), for appellants.

Johnson & Bell, Ltd., of Chicago (Robert M. Burke and Thomas H. Fegan, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

This is a wrongful death action arising out of the automobile collision and subsequent death of Marlene Kokoszynski. Plaintiff asserts that the accident would not have occurred if defendant had complied with its duty to provide a safe means of ingress and egress to its place of business. The trial court entered summary judgment in favor of defendant railroad, finding that defendant could not be held liable for an automobile collision which occurred on property that was neither owned nor controlled by defendant. Plaintiff appeals from this order, asserting that there exists a genuine issue of material fact as to whether in fact defendant effectively controlled the property where the collision occurred.

The undisputed facts are as follows. In the early morning of January 26, 1985, decedent, Marlene Kokoszynski, drove her car from the parking lot of defendant, located just before the dead end on 135th Street. In order to exit the lot, decedent turned left onto 135th Street. The portion of 135th Street to decedent's immediate right had been closed to through traffic by the City of Chicago. A small strip of 135th Street was left open to allow entrance to and exit from defendant's parking lot. Decedent proceeded from 135th to Brainard Avenue, where she attempted to turn north onto Brainard, when she collided with a southeast bound car driven by Howard T. Menn. According to decedent's complaint, she could not see the oncoming

car of Menn due to the cars parked along that portion of 135th Street used as an entrance to defendant's parking lot. (See map below.)

Plaintiff's original complaint alleged that defendant breached a duty of providing a reasonably safe means of ingress and egress to its place of business by: (1) failing to provide adequate parking space in the lot abutting 135th Street, causing the overflow of cars to be parked along the entranceway (135th Street) to the lot; (2) failing to prevent customer/employee cars from parking along the sides of 135th Street, when it knew or should have known that such cars blocked the view of drivers attempting to exit the lot onto Brainard Avenue; and (3) failing to post warning signs to patrons regarding oncoming traffic as they exited onto Brainard Avenue.

In its motion for summary judgment, defendant railroad claimed it owed no legal duty to plaintiff-decedent on the basis that the accident occurred on 135th Street, a public street, neither possessed nor controlled by defendant. According to plaintiffs, the critical section of 135th Street at issue had been appropriated by defendant for its own business purposes, as an entrance/exit to its parking lot. Attached to defendant's motion for summary judgment was a document from the Illinois Commerce Commission describing 135th Street as follows:

"[T]he City of Chicago proposes to introduce an ordinance into the City Counsel closing to vehicular traffic that portion of 135th Street from a point 50 feet west of Brainard Avenue to a point 141 feet west of Brainard *** at a point 50 feet west of Brainard Avenue the City of Chicago proposes *to barricade 135th Street to prevent traffic from traversing the crossing, but still permitting access to a parking area off 135th Street ***.*" (Emphasis added.)

In addition, plaintiffs introduced into evidence photographs of cars lining both sides of 135th Street into the parking lot and a sign facing 135th Street, viewable upon entrance to 135th Street from Brainard Avenue, which reads "South Shore [defendant] Patrons Only." Plaintiffs assert that all of this evidence raised a genuine issue of material fact as to whether in fact defendant controlled or had appropriated 135th Street for its own purposes, and, thus, summary judgment was improperly granted in favor of defendant.

The purpose of a summary judgment proceeding is to determine whether there exists a triable issue of fact for a jury. (*Ashland Chemical Co. v. Pollution Control Board* (1978), 57 Ill. App. 3d 1052, 373 N.E.2d 826; *Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 151 N.E.2d 443.) In assessing whether summary judgment should be granted, the court must consider all pleadings, affidavits, depositions and exhibits on file. (*Silberstein v. Peoria Town & Country Bowl, Inc.* (1970), 120 Ill. App. 2d 290, 257 N.E.2d 12; *Halloran v. Belt Ry. Co.* (1960), 25 Ill. App. 2d 114, 166 N.E.2d 98.) The decision to enter summary judgment involves an uneven balancing test whereby the pleadings are to be construed most strictly against the movant and most liberally in favor of the opponent. In order to grant summary judgment, there must be no doubt as to the movant's right to judgment in its favor. *In re Estate of Levy* (1975), 27 Ill. App. 3d 362, 326 N.E.2d 503; *Harp v. Gulf, Mobile & Ohio R.R. Co.* (1966), 66 Ill. App. 2d 33, 213 N.E.2d 632.

The rule regarding premises liability in Illinois is clear. A landowner must use ordinary care to insure that its premises are reasonably safe for the use of invitees and to give adequate warning to invitees of dangerous or hidden conditions which may result in perilous injury to the unsuspecting invitee. (*McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369.) The corollary to this axiom is that a landowner possesses a similar duty to provide a safe means of ingress and egress to the property owned or controlled by the inviter. The limits of this duty must be determined by the facts of each case, but may go beyond the precise boundaries of such premises. *Burke v. Grillo* (1992), 227 Ill. App. 3d 9, 590 N.E.2d 964; see also *Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 196 N.E.2d 396; *Stedman v. Spiros* (1959), 23 Ill. App. 2d 69, 161 N.E.2d 590; *Thomas v. Douglas* (1954), 1 Ill. App. 2d 261, 117 N.E.2d 417.

Based upon the foregoing guidelines, it is clear that defendant landowner owed a duty to the decedent of providing a safe ingress and egress to its parking lot and place of business. The fact that decedent was turning onto a public street, Brainard Avenue, from another

public street, 135th Street, as opposed to the parking lot itself, is not dispositive of the duty issue. While it is true that defendant does not own 135th Street, plaintiff presented enough evidence to raise a genuine issue of fact as to whether defendant in fact controlled and maintained the applicable strip of 135th Street for its business purposes. It is undisputed by the parties that the City of Chicago closed off a large portion of 135th Street to through traffic, yet allowed one tiny strip—the entrance/exit to defendant's parking lot—to remain open, not for the benefit of city traffic, but for the benefit of defendant's parking lot patrons.

Based upon the evidence presented, we find that summary judgment as to the existence of a duty was improperly granted in favor of defendant. Defendant apparently allowed its patrons to park along 135th Street. Indeed, the sign "South Shore Patrons Only" may have encouraged patrons to park in the area along 135th Street. This presents a factual question as to whether defendant effectively expanded its parking lot by expropriating this strip of 135th Street for its own business purposes. The evidence in this case presents a genuine issue of material fact as to whether the property at issue was under the sole control and use of defendant railroad, at the time plaintiff turned onto Brainard Avenue. Moreover, whether the risks imposed upon decedent in leaving via this exit were unreasonable risks and whether defendant breached its duty to plaintiff in failing to provide a safe means of egress are further factual determinations for a jury. *Garrett v. National Tea Co.* (1958), 12 Ill. 2d 567, 573, 147 N.E.2d 367.

Based upon the foregoing, the order of the circuit court of Cook County granting summary judgment in favor of defendant is hereby reversed, and this cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

GREIMAN and CERDA, JJ., concur.