SARAH SCHUMAN, Plaintiff-Appellant, *v.* PEKIN HOUSE RESTAURANT AND LOUNGE *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-1612

Opinion filed December 9, 1981.

Richter & Tucker, Ltd., of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Lenard C. Swanson and William D. Serwer, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Sarah Schuman, brought this action for damages she suffered when she fell on a public sidewalk abutting the defendant Pekin House Restaurant in Chicago. Defendants Quinn S. Fung and Kathleen Fung are the beneficial owners of the land trust which owns the real estate upon which the restaurant is situated. The trial court entered summary judgment in favor of all defendants except the city of Chicago, and the plaintiff appealed. This action is pending against the city of Chicago.

In her complaint the plaintiff alleged that the sidewalk in front of the restaurant was "cracked, uneven, poorly and negligently patched and in a state of disrepair". She further asserted that the defendants[1] allowed the sidewalk to remain in this state and that they repaired a portion of it in a poor and negligent manner which resulted in cracks and unevenness.

Defendants filed a motion for summary judgment in which they stated that they did not own the public sidewalk in front of the restaurant and that they had no duty to maintain it. In an affidavit accompanying the motion, Quinn S. Fung stated that at no time did anyone associated with the restaurant perform or secure the performance of any cement patching or repair work upon said sidewalk.

---

[1] Hereafter, "the defendants" refers to all defendants except the city of Chicago.

In her response to the motion for summary judgment, the plaintiff attached a portion of Quinn S. Fung's deposition in which he admitted that restaurant employees swept the sidewalk in front of the restaurant.

On April 22, 1980, the trial court entered its order of summary judgment. On appeal the plaintiff contends that this order was improper since the pleadings raised certain factual issues. The plaintiff contends that there was an issue of fact as to whether the defendants had a duty to repair the sidewalk; whether the defendants gratuitously assumed this duty; and whether the sweeping of the sidewalk by defendants' employees accentuated the unevenness and cracks in the sidewalk.

Summary judgment is properly granted when the pleadings, depositions and admissions on file, together with any affidavits, establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3); *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.) The right of the movant to summary judgment must be free from doubt, and any evidence in support of the motion must be strictly construed against the movant. *Lesnik v. Estate of Lesnik* (1980), 82 Ill. App. 3d 1102, 403 N.E.2d 683.

■■ The plaintiff first argues that the defendants owed her a duty to repair the cracks in the sidewalk. However, as a general rule, an owner or occupier of premises is not liable for personal injuries incurred on a public sidewalk under the control of a municipality. (*Decker v. Polk Brothers* (1976), 43 Ill. App. 3d 563, 357 N.E.2d 599; *Burns v. Kunz* (1937), 290 Ill. App. 278, 8 N.E.2d 360.) Its only duty is to exercise ordinary care not to create an unsafe condition which would interfere with the customary and regular use of the walk. (*Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 405 N.E.2d 1383.) Thus, the defendants had no duty to repair or maintain the public sidewalk.

Two cases cited by the plaintiff in support of her argument that the defendants owed her a duty to maintain the sidewalk in order to provide a safe means of ingress and egress are clearly distinguishable in that they did not involve public sidewalks. In *Steinberg v. Northern Illinois Telephone Co.* (1931), 260 Ill. App. 538, the plaintiff fell on a building's interior stairway. In *Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 196 N.E.2d 396, the plaintiff fell on a brick walk which led from the front door of a tavern to the city sidewalk. The court specifically noted that the use of the brick walk was factually different from the use of the normal sidewalk by the general public.

■■ The plaintiff also argues that by gratuitously sweeping the sidewalk, the defendants assumed the duty to maintain it and to keep it in good repair. She points out that in his deposition Quinn S. Fung admitted that restaurant employees swept the sidewalk. We cannot say, however, that

the mere act of sweeping debris from a public sidewalk imposes upon the defendants a legal duty to maintain and repair it.

■■ In the alternative the plaintiff contends that the sweeping of the debris from the sidewalk accentuated the unevenness and cracks of the sidewalk. This issue was not raised in the trial court. An issue not presented to or considered by the trial court cannot be raised for the first time on review. This rule is applicable even if the appeal is from a summary judgment. (*Cardamone v. Allstate Insurance Co.* (1977), 49 Ill. App. 3d 435, 364 N.E.2d 460.) Consequently, we will not comment on this novel argument on appeal.

■■ The pleadings, depositions, and affidavits in the instant case failed to establish that the defendants owed any duty to the plaintiff. Thus, the defendants were entitled to summary judgment as a matter of law.

For this reason, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P. J., and McNAMARA, J., concur.