WANDA L. DODD, Plaintiff-Appellant, v. CAVETT REXALL DRUGS, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 88—0961

Opinion filed December 30, 1988.

Farrell & Associates, Ltd., of Palos Heights (Mary K. Farrell and Noreen M. Daly, of counsel), for appellant.

Orner & Wasserman, Ltd., of Chicago (Esther Joy Schwartz and Mary A. Mazurk, of counsel), for appellee Cavett Rexall Drugs, Inc.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Shaun McParland and Jean E. Faulhaber, of counsel), for other appellees.

JUSTICE QUINLAN delivered the opinion of the court:

Plaintiff, Wanda L. Dodd, filed a complaint in the circuit court of Cook County seeking damages for personal injuries sustained when she fell on a sidewalk adjoining the Cavett Rexall Drug store, which was leased from the estate of Grover C. Elmore and was located in the Grover C. Elmore Plaza. The suit named Cavett Rexall Drugs,

Inc., and Irma T. Elmore and Alvah T. Martin, individually and/or as trustees under the last will and testament of Grover C. Elmore, as defendants. Ultimately the circuit court entered summary judgment in favor of all defendants and, thereafter, denied the plaintiff's motion for rehearing. Plaintiff now appeals to this court. We affirm.

On December 5, 1983, plaintiff drove to Cavett Rexall Drugs (Cavett) sometime between noon and three in the afternoon. Cavett was located at the south end of the Grover C. Elmore Plaza, a shopping center containing approximately 10 to 12 stores. The shopping center was owned by the estate of the late Grover C. Elmore. Cavett leased its store from defendants Irma T. Elmore and Alvah T. Martin, trustees for Grover Elmore's estate.

Elmore Plaza faced the west side of Oak Park Avenue in Tinley Park, Illinois. The south end of Elmore Plaza, where Cavett was located, bordered 171st Street. There were diagonal parking spaces along Oak Park Avenue and also along 171st Street. Additionally, there were sidewalks between the parking spaces and the buildings in the plaza. Plaintiff parked her car in one of the spaces along 171st Street, which was approximately six spaces down from the entrance to Cavett. She then walked east on the sidewalk and entered Cavett. When she left Cavett, she walked west on the same sidewalk. As she was walking toward her car, she stepped in a hole in the sidewalk and fell.

Subsequently, plaintiff, as noted above, filed a complaint at law in the circuit court of Cook County, which contained two counts. Count I alleged that defendant Cavett was in possession of, operated and maintained a building in Elmore Plaza where it operated a drugstore and that it

> "expressly and impliedly invited members of the general public to enter the *** drugstore and to use the adjoining sidewalk and parking lot for the purpose of purchasing retail goods, and it then and there became the duty of the Defendant *** to keep and maintain its building and the adjoining sidewalk and parking lot in a reasonably safe condition so that persons lawfully on the premises and the adjoining sidewalk and parking lot *** would not be injured."

Plaintiff charged that Cavett negligently failed to perform these duties, and as a direct and proximate result of this negligence, plaintiff fell and suffered personal injuries.

Count II alleged that defendants Irma T. Elmore and Alvah T. Martin, individually and/or as trustees under the last will and testament of Grover C. Elmore,

"by their ownership of the property and their acquiescence in the use of said property then and there expressly and impliedly invited members of the general public to enter the drugstore and the adjoining sidewalk and parking lot for the purpose of purchasing retail goods, it then and there became the duty of the Defendants \*\*\* to supervise and control the maintenance of the premises and the adjoining parking lot and sidewalk so that those using the said sidewalk and parking lot for the purpose of purchasing retail goods would not be injured."

Plaintiff also alleged that Elmore and Martin negligently failed to perform these duties, and as a direct and proximate result of this negligence, plaintiff fell and suffered personal injuries. On both counts, plaintiff sought as damages an amount in excess of the minimum required for the law division, plus costs.

Defendant Cavett filed an answer to count I of plaintiff's complaint and admitted that it leased a store and that it possessed, maintained and controlled the area within the store, but denied that it possessed, maintained or controlled the building or sidewalk where plaintiff fell. Defendants Elmore and Martin also filed an answer and in their answer they admitted that they owned the Grover C. Elmore shopping plaza, including the building leased by Cavett, as trustee under the last will and testament of Grover C. Elmore, but denied that they owned the property individually. Further, they also admitted responsibility for all duties imposed by law, but denied breaching those duties.

Plaintiff then served interrogatories on defendant Cavett and on defendants Elmore and Martin. All of the defendants were asked:

"Was this defendant [referring to the party served] in control of the premises in question at the time and at the situs of the occurrence complained of? If 'yes', was such control exclusive; if 'no', who do you contend shared control or had exclusive control?"

Defendants Elmore and Martin answered, "No. Cavett Rexall Drugs, Inc., in possession." Defendant Cavett answered, "This defendant admits that it leased a certain store premises at the described location. \*\*\* This defendant specifically denies that it controlled the described sidewalk. This defendant denies that the sidewalk was on or within any property leased by this defendant."

All defendants were also asked to "state the full name and address of all persons or businesses or entities with any type of ownership or possessive interest in the premises complained of and the nature of such interest." Defendants Elmore and Martin answered,

"None." Defendant Cavett answered, "This defendant admits that it leased a store premises at the described location. This defendant denies that the sidewalk described in the complaint was on or within any property leased by this defendant."

Affidavits were later filed in connection with the motion for summary judgment. One affidavit was filed by B. A. Fenger, who had been an Illinois registered land surveyor for 50 years. Fenger stated he had conducted a survey of the property on which Grover C. Elmore shopping plaza was located and that based on his "surveyance," he had concluded that the sidewalk bordering the south end of the plaza, where plaintiff fell, was not part of the shopping plaza property.

Irma Elmore also filed an affidavit. Her affidavit said that the sidewalk in issue was not the only path into the Cavett building and that the sidewalk was used by the general public and was not used exclusively for ingress to and egress from Cavett. In addition, she said there was no entrance to Cavett adjacent to the sidewalk.

Irma Elmore also gave a deposition in the case, where she testified that she managed the property where the shopping plaza was located and supervised any repair work. She said the repair work that had been done on the property included roof repairs and cleaning of the gutters. She did not, she stated, remember whether the sidewalks were put in at the same time that the buildings were constructed or not. Furthermore, she said that while she had seen that the repair work was done, it was the tenant's responsibility to clean debris from the sidewalk or to remove snow.

Elmore further testified that if a sidewalk was in need of repair, she would not know unless someone reported it to her or she saw it. The trust for her late husband's estate had, she stated, hired a contractor to automatically shovel the parking lot when there were two or more inches of snow, but the contractor was not under orders to repair the sidewalks. When asked hypothetically who would be responsible for sidewalk repairs, Elmore responded, "We would generally do it because we felt that it would be for the interest of the public whether it was our obligation or not." However, Elmore said she was unaware of anyone ever performing any sidewalk repairs.

A deposition was also taken from Robert Allen Przybyla, the manager of Cavett at the time that defendant had her accident. He said in his deposition that the parking area to the south of the plaza, where plaintiff parked her car, was probably used 90% of the time by Cavett customers. He also said that Cavett was responsible for removing snow from the parking lot and for shoveling the sidewalks. Przybyla

did not know whose responsibility it was to clean up debris around the building, but acknowledged that he did clean up bottles and other trash so that no one got hurt. He also remembered, he said, that in the winter he put salt on the sidewalk around Cavett, including the sidewalk where plaintiff fell. He did not remember any repairs being done to the sidewalk and he had never received any complaints concerning the condition of the sidewalk or reports that anyone fell on the sidewalk. He stated that he usually checked the sidewalk every day and cleaned up any debris or dangerous objects.

The trial court, on the basis of these affidavits and depositions, granted summary judgment in favor of the defendants. Specifically, the court said in entering its order that it found no evidence that any of the defendants controlled the sidewalk. As to Cavett, the court found that merely shoveling or sweeping the sidewalk did not create a duty to maintain the sidewalk, and further found that there was no evidence that defendants Elmore and Martin installed the sidewalk or that the sidewalk was on plaza property.

When she argued against the entry of summary judgment, plaintiff alleged that defendants Elmore and Martin were estopped from denying ownership of the sidewalk because they had failed to state in their interrogatories that the sidewalk was public property. The trial court, however, disagreed. The trial court held that the plaintiff could not raise an estoppel argument because the plat of the property, which revealed who owned the sidewalk, was a matter of public record.

Plaintiff then filed her motion for rehearing and, at the same time, sought leave to take the deposition of Dennis Kallsen, manager of the Village of Tinley Park (Village). The court granted plaintiff's request to take Mr. Kallsen's deposition. In his deposition, Kallsen testified that the Village did not install the sidewalk at issue in this case and that the Village did not install any sidewalks, but that Village regulations required builders or developers to install them. Kallsen stated that it was not, in his opinion, the Village's responsibility to repair the sidewalk at issue in this case because the sidewalk was located on a right of way under the jurisdiction of the Cook County Highway Department. Kallsen also testified that it was not the Village's responsibility to shovel the sidewalk in the winter.

In response to additional questions, Kallsen said that he thought the sidewalk in issue belonged to the Cook County Highway Commission and that he based this assertion on information from "sidewells" and plats of the property. However, he said the Village had no records of who built the sidewalk.

Along with Kallsen's deposition, plaintiff also filed Michael Griffin's affidavit. Griffin said that he was the chief of the bureau of right of ways for the Cook County Highway Department and also the attorney for the Cook County Highway Department. He testified that he examined highway department records regarding the sidewalk in question and determined that no permit was ever issued for the installation of the sidewalk. In addition, he said that the Cook County Highway Department does not pay for the installation of sidewalks and does not maintain sidewalks located on their right of way. Any maintenance of the sidewalks, he stated, is the responsibility of the municipality in which the sidewalk lies.

After the hearing on plaintiff's motion, the court affirmed its previous order granting summary judgment for all defendants and denied rehearing. The court said in denying the plaintiff's motion that it was convinced that the property did not belong to defendants, but to a governmental entity; thus, there was no duty on defendants to repair the sidewalk. In addition, as it had stated earlier, the defendants did not acquire a duty to repair merely because they shoveled the sidewalk and cleared it of debris. Furthermore, the court again held there was no estoppel to prohibit defendants Elmore and Martin from denying ownership, since they had not admitted anything in their answer or interrogatories and the information regarding ownership of the property was a matter of public record.

On appeal, plaintiff contends that summary judgment was improperly granted for all defendants because material issues of fact existed, which were unresolved. While plaintiff now concedes that the Cook County Highway Department owns the sidewalk, she argues that material questions of fact remain concerning whether defendants controlled and/or appropriated the sidewalk for their own use.

We will first address plaintiff's claim against defendant Cavett. Plaintiff alleges that questions of material fact remain concerning Cavett's control and/or appropriation of the sidewalk because: the sidewalk was the only route into the Cavett drug store; the Cavett store manager shoveled and salted the sidewalk in the winter; and the Cavett store manager cleared debris from the sidewalk every day. Cavett, on the other hand, argues that summary judgment was properly granted in its favor because the facts which plaintiff alleges are material are insufficient as a matter of law to create a duty to maintain and repair the sidewalk.

■■ A court will grant summary judgment when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact, and in such a case the party moving for summary

judgment is entitled to that judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871; Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In determining whether summary judgment is appropriate, the trial court must construe all pleadings, depositions, admissions and affidavits strictly against the moving party and liberally in favor of the opponent. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) Although the plaintiff is not required to prove a *prima facie* case in order to withstand a summary judgment motion, she must present some facts to support her claim. *Warren v. Coca-Cola Bottling Co.* (1988), 166 Ill. App. 3d 566, 571-72, 519 N.E.2d 1197, 1201.

In the present case, plaintiff's complaint alleged that Cavett owed her a duty to maintain and repair the sidewalk, that Cavett breached that duty, and that she was injured as a result of this breach. Whether one party has a duty to another party is a question of law which is determined by the trial court. (*Rosett v. Schatzman* (1987), 157 Ill. App. 3d 939, 942, 510 N.E.2d 968, 970.) Accordingly, a trial court will grant summary judgment if under the pleadings, depositions, admissions, and affidavits, it appears that the defendant owes no duty to the plaintiff. (*Rosett*, 157 Ill. App. 3d at 942, 510 N.E.2d at 970.) A reviewing court will not disturb the trial court's order granting summary judgment if the evidence reveals that there are no factual issues in the case. *Warren*, 166 Ill. App. 3d at 571, 519 N.E.2d at 1201.

The general rule regarding the duty of a business occupier of any premises is that it must provide a reasonably safe means of ingress to and egress from the premises, but ordinarily it will not be held liable for any injuries incurred on a public sidewalk under the control of a municipality, even though the sidewalk may also be used for ingress or egress to the premises. (*Schuman v. Pekin House Restaurant & Lounge* (1981), 102 Ill. App. 3d 532, 534, 430 N.E.2d 145, 146; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 21, 405 N.E.2d 1383, 1388; *Decker v. Polk Brothers* (1976), 43 Ill. App. 3d 563, 565, 357 N.E.2d 599, 600.) However, if the occupier of the premises appropriates the sidewalk for its own use, it then has a duty to insure that the sidewalk is safe. See *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 352, 272 N.E.2d 369, 373; *Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 30, 196 N.E.2d 396, 398.

Here, construing the pleadings, depositions, admissions, and affidavits strictly against Cavett, and liberally in favor of plaintiff, as we must, we nonetheless find that summary judgment was properly granted in favor of Cavett. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at

871.) In those cases where an occupier of premises has been held to have appropriated a sidewalk for its own use, the courts have found that the occupier had performed an affirmative act of appropriation. For example, in *McDonald*, the court held that the defendant had appropriated a sidewalk for its own use because it used the sidewalk for parking, thus blocking the sidewalk and preventing its normal use. *(McDonald*, 1 Ill. App. 3d at 352, 272 N.E.2d at 374.) In *Cooley*, the plaintiff was injured on a city-owned sidewalk which was the only means of ingress to and egress from the defendants' tavern. *(Cooley*, 46 Ill. App. 2d at 28, 196 N.E.2d at 397.) Importantly, there, the sidewalk's only purpose was to provide access to the front door of the tavern and, consequently, the court in *Cooley* held that the defendant had appropriated the sidewalk for its own use. *Cooley*, 46 Ill. App. 2d at 30, 196 N.E.2d at 398.

In the present case, we find no evidence that Cavett performed any affirmative act to assert control over the sidewalk where plaintiff was injured. The sidewalk in this case was not the only means of ingress and egress to Cavett. In fact, there was no entrance to Cavett along the sidewalk. Additionally, the general public was free to use the sidewalk to walk along 171st Street and to reach an alley behind Elmore Plaza. Cavett did nothing to prevent the general public from using the sidewalk for these purposes. Furthermore, the mere fact that the majority of users of the sidewalk may have been Cavett customers does not render the sidewalk the property of the drugstore or indicate that the drugstore has appropriated the sidewalk.

■ Likewise, we find no evidence that Cavett assumed the duty to maintain and repair the sidewalk because its store manager shoveled and salted the sidewalk in the winter and cleared debris from the sidewalk each day. Shoveling and salting a sidewalk in the winter does not impose a duty to maintain and repair that sidewalk. (See *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1008-09, 365 N.E.2d 80, 87.) Similarly, merely sweeping debris from a public sidewalk does not impose a legal duty to maintain and repair the sidewalk. *(Schuman*, 102 Ill. App. 3d at 534-35, 430 N.E.2d at 147.) Accordingly, we find that the pleadings, depositions, admissions on file, and affidavits presented no genuine issues of material fact, and that the trial court correctly held that Cavett owed no duty to plaintiff. Hence, the trial court properly granted defendant Cavett's motion for summary judgment.

Plaintiff also contends that an issue of material fact remained concerning whether defendants Elmore and Martin controlled and/or appropriated the sidewalk for their own use. Plaintiff alleged that Elmore and Martin owed her a duty of care for the following reasons:

the sidewalk was installed at the same time that the shopping plaza was built; there was a sign on the Cavett building which restricted parking to 30 minutes; defendants installed parking bumpers in the parking area adjacent to the sidewalk; the sidewalk was not similar to the sidewalk across the alley from it; and Elmore's statement in her deposition that she would repair the sidewalk whether it was her obligation or not. Conversely, Elmore and Martin argue that summary judgment was properly granted in their favor because they did not appropriate the sidewalk for their own use, nor did they control the sidewalk.

■ Plaintiff claims first that there is a question of material fact concerning whether defendants controlled the sidewalk because it appeared to plaintiff's attorney that the sidewalk was put in at the same time as the shopping plaza. Plaintiff argues that if the sidewalk was put in at the same time as the shopping plaza, defendants must have installed the sidewalk. If defendants installed the sidewalk, plaintiff maintains that this is sufficient proof that defendants controlled and appropriated the sidewalk.

We disagree. Even if plaintiff could prove that the sidewalk was installed at the same time that the shopping plaza was built, this fact does not mean that the defendants installed the sidewalk, and, even if they did install the sidewalk, this is insufficient to show control and appropriation of the sidewalk. According to Dennis Kallsen's deposition testimony, which was uncontradicted and thus must be accepted as true (*Purtill*, 111 Ill. 2d at 241, 489 N.E.2d at 871-72), the Village of Tinley Park does not build sidewalks itself, but it does have an ordinance requiring builders or developers to install sidewalks on both sides of all newly constructed streets. Hence, the fact that defendants installed a sidewalk in order to comply with Village regulations does not give rise to a question of material fact concerning whether defendants appropriated the sidewalk.

■ Plaintiff also claims that there is evidence of appropriation by defendants because there was a 30-minute parking sign on the side of Cavett facing 171st Street. Because the evidence showed that the Village of Tinley Park did not put up or authorize the sign, plaintiff alleges that defendants must have installed the sign themselves. In conjunction with this argument, plaintiff claims that the fact that defendants installed parking bumpers in the parking area along 171st Street also indicates that defendants appropriated the sidewalk.

Contrary to plaintiff's allegations, we do not find that these facts create a question of material fact concerning whether defendants appropriated the sidewalk. While the sign and the parking bumpers pur-

port to regulate the parking area, they do not obstruct the sidewalk or prevent the general public from walking on the sidewalk. The mere fact that defendants may have appropriated the parking lot, absent any affirmative act over the sidewalk, also is insufficient to prove that defendants appropriated the sidewalk. Moreover, the use of the parking bumpers is a fact that supports defendants' argument, because the bumpers prevent cars from parking on the sidewalk and thus blocking pedestrians. Cf. McDonald, 1 Ill. App. 3d at 352, 272 N.E.2d at 374.

Plaintiff next contends that defendants controlled the sidewalk because this sidewalk was made of different concrete than the sidewalk across the alley from it. This argument is similar to plaintiff's argument that defendants controlled the sidewalk because the sidewalk appeared to have been installed at the same time as the plaza. According to plaintiff, since the sidewalk differs from the sidewalk across the street from it, the sidewalk where plaintiff fell must have been installed by defendants. As discussed previously, the mere fact that defendants may have installed the sidewalk is not an affirmative act sufficient to prove that defendants controlled or appropriated the sidewalk.

Finally, plaintiff argues that a question of material fact remains concerning whether defendants controlled or appropriated the sidewalk because in Elmore's deposition, she said that she would repair a broken sidewalk if it was called to her attention that the sidewalk needed repairs, regardless of whether it was her duty to repair the sidewalk. We first note that this answer was in response to a hypothetical question and there was no evidence that any repairs had ever been performed on the sidewalk by Elmore or at her direction. Merely stating that she would repair the sidewalk was not an affirmative act that would impose a duty to repair upon Elmore and Martin. Furthermore, Elmore in fact stated that to her knowledge, no repairs had ever been requested or made on the sidewalk. Consequently, we do not find that by answering this hypothetical question, Elmore established that defendants had assumed control of the sidewalk.

Viewing the evidence strictly against Elmore and Martin and liberally in favor of plaintiff, we also find that plaintiff failed to raise an issue of material fact regarding any control or appropriation of the sidewalk by defendants Elmore and Martin. In such circumstances, the trial court properly granted summary judgment in favor of Elmore and Martin on this issue.

Plaintiff's last issue on appeal is that defendants Elmore and Martin should have been estopped from claiming that they did not

own the sidewalk and, thus, summary judgment in favor of these defendants was erroneous. A court will apply estoppel if the following factors are present: (1) the defendant has misrepresented or concealed a material fact; (2) the defendant had either actual or implied knowledge that the representations were untrue at the time they were made; (3) the plaintiff was unaware that the representations were untrue both at the time they were made and the time that they were acted upon; (4) the defendant intended or expected the plaintiff to act upon the misrepresentations; (5) the plaintiff did rely or act upon the defendant's representations; and (6) the plaintiff, by acting upon the basis of defendant's representations, would be prejudiced if the defendant was not estopped. (*Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.* (1979), 69 Ill. App. 3d 696, 703, 388 N.E.2d 108, 113.) The party claiming estoppel must have had no knowledge or convenient means of discovering the true facts. (*Levin v. Civil Service Comm'n* (1972), 52 Ill. 2d 516, 524, 288 N.E.2d 97, 101-02; *National Ben Franklin Insurance Co. v. Davidovitch* (1984), 123 Ill. App. 3d 88, 93, 462 N.E.2d 696, 700.) When there is no dispute of material fact in a case and only one inference can be drawn from the facts, whether there is estoppel is a question of law. *Pantle v. Industrial Comm'n* (1975), 61 Ill. 2d 365, 369, 335 N.E.2d 491, 494; *Strom International,* 69 Ill. App. 3d at 703, 388 N.E.2d at 113.

██ Plaintiff contends that defendants should be estopped from denying ownership of the sidewalk because defendants' responses to plaintiff's interrogatories did not indicate that a municipality owned the sidewalk. Plaintiff claims that she reasonably relied on the answers to the interrogatories, and as a result of defendants' answers, failed to name any municipality as a defendant in this case. Furthermore, plaintiff argues that she had no convenient means of discovering the true facts, even though the plats of the property were a matter of public record, and even though one of her attorneys checked the plats but failed to discover that the sidewalk belonged to Cook County. Finally, plaintiff argues that she would be severely prejudiced if defendants were not estopped from denying ownership of the sidewalk because the statute of limitations on her action has run and, hence, she cannot now name Cook County as a defendant in this case.

Defendants, on the other hand, argue that plaintiff's interrogatories were ambiguous and that it was unclear whether plaintiff was asking who owned and controlled the sidewalk or who owned and controlled the store premises. Because the interrogatories were ambiguous, defendants contend that any reliance upon their answers by plaintiff was unreasonable. In addition, defendants argue that plaintiff

cannot claim reliance on their answers because the plats of the property were public records and plaintiff had a convenient means of discovering the owner of the sidewalk. The fact that her attorney erroneously read the plats surely does not mean that there was no convenient means of discovering the true owner or that the plaintiff's alleged reliance on defendants' alleged representations was reasonable.

We find that plaintiff has not presented any facts sufficient to warrant an estoppel in this case. First, we agree with defendants that plaintiff's interrogatories were ambiguous, and find that in their answers, defendants admitted to owning only the shopping plaza. Defendants did not admit that they owned the sidewalk. In order to reasonably claim estoppel, plaintiff should have at least explicitly asked defendants for an admission that they owned the sidewalk or for a more specific answer concerning exactly what property they owned.

In addition, plaintiff here has failed to show that she even relied on defendants' answers or could have relied on the answers. Here, plaintiff's attorney examined the plats of the property and merely because her attorney erroneously concluded that the sidewalk was on defendants' property, plaintiff cannot claim estoppel. The ownership of the property was a matter of public record and, at the time of the motion for summary judgment, plaintiff was aware of the affidavit of B.A. Fenger, a registered land surveyor for 50 years. Fenger surveyed the property where the accident occurred and concluded that the sidewalk was not on defendants' property. This affidavit was, also, sufficient to put plaintiff on notice that the property did not belong to defendants.

Since there was no issue of material fact concerning whether plaintiff reasonably relied on defendants' representations, the issue of whether defendants were estopped from denying ownership of the sidewalk became a question of law. Plaintiff failed to show that any of the elements of estoppel were present and, thus, the trial court properly held that defendants were not estopped from denying ownership of the sidewalk.

Accordingly, for all of the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.