DOMINICK LAFATA, Plaintiff-Appellant, v. THE VILLAGE OF LISLE *et al.*, Defendants-Appellees (Clark Equipment Company *et al.*, Defendants).

Second District   Nos. 2—88—0483, 2—88—0677 cons.

■■■■■■■■

Opinion filed June 30, 1989.—Rehearing denied August 1, 1989.

Daniel N. Kadjan, of Arnold & Kadjan, of Chicago, for appellant.

D. Kendall Griffith, Donald W. Garlinger, and Robert G. Black, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Wheaton, for appellee Frank Novotny and Associates, Inc.

Thomas G. DiCianni, of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for other appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Dominick Lafata, brought this action to recover damages for personal injuries he sustained as the result of alleged violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) in connection with work being performed at a construction site. The trial court granted summary judgment to defendants, Village of Lisle and Frank Novotny and Associates, Inc., after finding, as a matter of law, that the front-end loader which struck and injured plaintiff was not a mechanical contrivance within the meaning of the Structural Work Act. Plaintiff appeals.

In October 1985, Dominick Lafata was employed as a laborer on a construction site by Benchmark Construction Company (Benchmark), which had been hired by the Village of Lisle to install a water main and a storm sewer. A road was also being widened and new curbs and gut-

ters installed. At the time he was injured, plaintiff was working with a front-end loader, a four-wheel vehicle with a shovel-type bucket in front, owned by Benchmark, which was used for moving dirt and pipes. In order to move a pipe, a cable would be hooked around the pipe and attached to another hook at the top of the bucket of the end loader. The pipe is then carried three or four feet off the ground, and a man walks in front of the end loader holding the pipe to keep it from tilting. Prior to the accident, plaintiff had hooked the pipe by cable to the end loader and was holding it steady while walking over the construction area to trenches about a half block away where the pipes were being laid in the ground. The pipe was to have been laid alongside the trench where a backhoe, another earth-moving vehicle, would be used to place it in the trench.

The end loader was driven by Edward Kaminscky, an operating engineer and employee of Benchmark. He had a clear view of plaintiff as they were transporting the pipe, but when Kaminscky approached a corner where he had to make a left turn, he took his eyes off plaintiff momentarily because school children and other traffic were nearby. At this time, plaintiff fell to the ground and was then struck by the advancing front-end loader.

To recover damages for his injuries, plaintiff filed suit against defendants Village of Lisle; Frank Novotny and Associates, Inc., an engineering firm which prepared the drawings, plans, and specifications for repair of the sewer system; Clark Equipment Company, the vendor of the end loader; and McAllister Equipment Company, the manufacturer of the end loader, alleging liability under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60, 69), which states in part:

"[A]ll scaffolds, hoists, cranes, stays, ladders, supports *or other mechanical contrivances*, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such a manner as to prevent the falling of any material that may be used or deposited thereon." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 48, par. 60.

"For any injury to person or property, occasioned by any wilful violations of this Act, or wilful failure to comply with any of

its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby ***." Ill. Rev. Stat. 1985, ch. 48, par. 69.

Defendant McAllister Equipment Company filed a motion to dismiss pursuant to section 2—621 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—621), which was granted. Defendants Village of Lisle and Frank Novotny and Associates, Inc., moved for summary judgment, asserting that the front-end loader which caused plaintiff's injuries was not a device governed under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60). In its letter opinion granting summary judgment to defendants, the trial court stated:

"The question of whether a certain device is governed by the Act is a matter of statutory construction and is therefore a question of law for the court to determine contrary to the assertion by Plaintiff that it is a question of fact ***. The end loader in the instant case was being used as a device to transport pipe from one point on the construction site to another point on the construction site; therefore, does not come within the ambit of the Structural Work Act ***. The determination that the end loader is not a device covered under the Structural Work Act obviates the necessity to determine the issue of proximate cause."

Plaintiff argues that summary judgment should have been denied, as a matter of law, as the front-end loader is a "mechanical contrivance" within the meaning of section 1 of the Structural Work Act.

Initially, we note that in cases appealed to this court, Supreme Court Rule 341(e)(4)(ii) requires that an appellant's brief contain a statement of jurisdiction (122 Ill. 2d R. 341(e)(4)(ii)), and plaintiff has not complied with this requirement in this case but will be expected to do so in the future.

There have been cases which determined that the Structural Work Act applies solely to supports for workers and does not apply to the recovery of damages for injuries caused as a result of the failure to provide, or the inadequacy of, support for work materials. *Matthews v. Commonwealth Edison Co.* (1980), 90 Ill. App. 3d 1024, 1026, 414 N.E.2d 147 (holding that the harm must be caused by a failure of something a worker is using to support himself); *Carlson v. Moline Board of Education* (1984), 124 Ill. App. 3d 967, 974, 464 N.E.2d 1239 (holding that mechanical devices generally refer to contrivances on which a worker is dependent for support).

■ However, this narrow construction of the Structural Work Act has also been rejected, and we agree with those courts which consider

that the Act was intended to protect against injuries caused by unsafe support devices used on a construction site, or the failure to supply support devices, whether their purpose is to support workers or materials. *Prange v. Kamar Construction Corp.* (1982), 109 Ill. App. 3d 1125, 1130, 441 N.E.2d 889 (holding that the Act applied where a forklift was being used as a support for construction materials at the time the materials struck and injured the plaintiff); *Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 621, 427 N.E.2d 193 (finding that a Traxcavator, a tractor-like device with a front bucket used to scoop and lift material, when used in such a manner, is a mechanical contrivance within the meaning of the Act).

■ As the court noted in *Prange* (109 Ill. App. 3d at 1130), most of the devices specifically enumerated in the Structural Work Act (scaffolds, hoists, cranes, stays, ladders, supports or other mechanical contrivances) primarily function as a support for materials rather than for workers, suggesting a legislative intention to protect workers in, on, around, and under support devices for materials on construction sites. A determination whether a particular device is covered by the Structural Work Act cannot be based solely on the identity of the device, apart from the actual use to which it is put, but must be based upon the use and function of the device in the circumstances shown. *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1093, 428 N.E.2d 1051.

■ We find that the front-end loader in issue was a mechanical contrivance within the meaning of the Structural Work Act as it was being used as a support for construction materials at the time of plaintiff's injury.

We do not consider additional arguments of the parties which go beyond the scope of the trial court's ruling and relate to other applications of the Structural Work Act to the facts of this case. Summary judgment was granted here solely upon a determination by the court that the front-end loader transporting a pipe hooked to its bucket was not a mechanical device within the meaning of the Structural Work Act. Issues not considered by the trial court cannot be argued on review. (*Schuman v. Pekin House Restaurant & Lounge* (1981), 102 Ill. App. 3d 532, 535, 430 N.E.2d 145.) As summary judgment was improperly granted on the ground discussed in favor of defendants Village of Lisle and Frank Novotny and Associates, Inc., it will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

INGLIS and WOODWARD, JJ., concur.