956

Abdullah AHMAD, Plaintiff,

v.

NORFOLK & WESTERN RAILWAY COMPANY, a corporation, and Allied Products Corporation, a Delaware corporation, formerly known as Verson Allsteel Press Company, Defendants.

No. 89 C 7694.

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1991.

John Thomas Papa, Callis & Hartman, P.C., Granite City, Ill., for Abdullah Ahmad.

Evan Burton Karnes, II, David C. Bohrer, Oppenheimer, Wolff & Donnelly, Chicago, Ill., for Norfolk & Western Ry. Co.

Roger B. Harris, Robert M. Kalec, Altheimer & Gray, Chicago, Ill., David William Porter, Michael E. Rusin, Larry J. Chilton, Stevenson, Rusin & Friedman, Ltd., Chicago, Ill., for Allied Products Corp.

## ORDER

NORGLE, District Judge.

Defendant Allied Products Corporation's ("Allied") moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the court denies the motion.

## FACTS

On February 22, 1988, plaintiff, while on his way to work at Allied, passed through a gate on the east side of Allied's property commonly known as "1C." As was his practice, he would pass through the gate and follow a path across the railroad yard to Allied's facilities located on the opposite end of the yard. This gate and path had been used in this manner by both Allied employees and members of the public for quite some time. After passing through the gate, plaintiff encountered a series of train cars on the tracks. Because these cars lay in his path to work, plaintiff climbed on the cars, presumably at the point at which two cars join. He fell under the wheels of one of the cars which was either moving at the time he climbed on the car or suddenly jerked as he attempted to alight. The wheel rolled over his right leg, causing injuries eventually requiring amputation of the leg above the knee. For further factual discussion, see *Ahmad v. Norfolk & W. Ry. Co.*, 735 F.Supp. 257 (N.D.Ill. 1990).

## DISCUSSION

■ Defendant Allied Products has now moved for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Nevertheless, in determining the existence of any genuine issues of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant. *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

■ To establish a prima facie case of negligence under Illinois law the plaintiff must show (1) the existence of a duty owed by the defendants to him, (2) a breach of that duty, and (3) that he suffered an injury proximately caused by the breach. *Ward v. K Mart Corp.*, 136 Ill.2d 132, 140, 554 N.E.2d 223, 226, 143 Ill.Dec. 288, 291 (1990). The existence of a duty is a question of law for the court to decide. *Id.* The issues of breach and proximate cause are for a jury to decide, provided there are genuine issues of material fact regarding those issues. *See id.* at 156–57, 554 N.E.2d at 234, 143 Ill.Dec. at 299; *Sheahan v. Northeast I.R.C.R. Corp.*, 212 Ill.App.3d 732, 737, 571 N.E.2d 796, 799, 156 Ill.Dec. 816, 819 (1st Dist.1991); *see also Trevino v. Union P.R. Co.*, 916 F.2d 1230, 1235 (7th Cir.1990) (modern trend in Illinois and elsewhere toward leaving care issues to be decided by a jury "under the broad, unelaborated standard of negligence").

Allied argues three bases for summary judgment. First, they contend that this cause is barred since they claim the Illinois Workers' Compensation Act covers this claim. However, this court has already ruled that that is not the case. *Ahmad*, 735 F.Supp. at 259.

Allied's second basis for summary judgment is that they owed no duty to plaintiff. Here again, the court rejects this claim. Generally, employees are business invitees of the employer. *Longnecker v. Illinois Power Co.*, 64 Ill.App.3d 634, 639, 381 N.E.2d 709, 713, 21 Ill.Dec. 382, 386 (5th Dist.1978). The possessor of land owes a duty to keep land in a reasonably safe condition. *Deibert v. Bauer Bros. Construction Co., Inc.*, 141 Ill.2d 430, 437, 566 N.E.2d 239, 242, 152 Ill.Dec. 552, 555 (1990). Illinois has abolished the distinction between invitee and licensee (Ill.Rev. Stat. ch. 80, ¶ 302 (1985)) but that act did not significantly alter the duty of landowners to invitees. *Ward*, 136 Ill.2d at 142, 554 N.E.2d at 227, 143 Ill.Dec. at 292. A three-part test is applied to determine if invitee status has been attained: 1) did the person enter the premises of another by express or implied invitation, 2) was his entry connected with the owner's business or business which the owner permits to be conducted on his land; *and* 3) was there a mutuality of benefit or benefit to the owner. *Figueroa v. Evangelical Covenant Church*, 879 F.2d 1427, 1431 (7th Cir.1989) (emphasis in original). This court finds that all three parts of the invitee test are satisfied here.

First, Ahmad entered the premises to go to work. It was apparently well known that employees used the gate to get to and from the Allied facility. Although Allied may not have affirmatively directed employees to use the "1C" gate route, they nonetheless acquiesced in this continued activity by Allied employees. This is enough of an invitation to satisfy the first prong of the test. Second, Ahmad entered with Allied's business purposes in mind, i.e. he was trying to get to the job-site. Allied's continued acquiescence in allowing employees to travel to work via this route is enough to satisfy this prong as well. Third, since plaintiff's motivation was to get to work, he necessarily was trying to benefit both Allied and himself—receive compensation for himself, perform job duties for Allied. Thus, this court finds Allied had a duty to Ahmad as a matter of law. Indeed, Illinois courts agree that workers are invitees and thus employers may have a duty to them as such. *O'Brien v. Rogers*, 198 Ill.App.3d 341, 555 N.E.2d 1005, 144 Ill.Dec. 486 (5th Dist.), *appeal denied*, 133 Ill.2d 560, 561 N.E.2d 695, 149 Ill.Dec. 325 (1990).

Yet Allied would characterize a moving train car as a harm so obvious that Allied had no duty to protect against it. It is true that if the harm which caused the injury was obvious, the landowner cannot be liable—that is unless the landowner could have anticipated the harm. *Deibert*, 141 Ill.2d at 437, 566 N.E.2d at 242, 152 Ill.Dec. at 555 *citing* Restatement (Second) of Torts § 343A(1) (1965). Since this court has already concluded that Allied knew or at least acquiesced in travel by employees through this gate across the yard, it is entirely foreseeable that an employee could be severely hurt if train cars were moving in the yard or began to move abruptly and without warning. Moreover, the burden of protecting from this harm would be very small. Simply posting signs, advising employees, and locking the gate might be sufficient to fulfill this duty. A duty is properly imposed upon Allied in this case. *Ward*, 136 Ill.2d at 152, 554 N.E.2d at 232, 143 Ill.Dec. at 297 (seemingly innocuous conditions may be unreasonably dangerous if the defendant could reasonably be expected to anticipate harm).

In other words, this court holds that Allied had a duty to plaintiff that did not vary depending on whether the train was moving. Allied's knowledge that employees would use the "1C" gate and the path across the railroad yard created a duty where one arguably did not exist before. It is reasonably foreseeable that trains might be on those tracks, that those trains might be moving or move suddenly, and that an employee could be hurt in an effort to get to Allied. *Deibert*, 141 Ill.2d at 437,

566 N.E.2d at 242, 152 Ill.Dec. at 555. Because this type of harm was completely reasonable to expect, and Allied knew of this continued use, they had a duty to warn. Not unlike a set of stairs which plaintiff cannot see (*Allgauer v. Le Bastille, Inc.*, 101 Ill.App.3d 978, 428 N.E.2d 1146, 57 Ill.Dec. 466 (1st Dist.1981)), a defendant is properly shouldered with responsibility to warn invitees of the presence of a danger of which the landowner knows.

The cases cited by Allied are not persuasive. Each of those involved passage across a public roadway upon which the plaintiff was injured by an unrelated third party. *See Swett v. Village of Algonquin*, 169 Ill.App.3d 78, 523 N.E.2d 594, 119 Ill. Dec. 838 (2d Dist.1988); *Laufenberg v. Golab*, 108 Ill.App.3d 133, 438 N.E.2d 1238, 63 Ill.Dec. 875 (1st Dist.1982). That is simply not the case here. *See Dodd v. Cavett Rexall Drugs, Inc.*, 178 Ill.App.3d 424, 432–33, 533 N.E.2d 486, 491, 127 Ill.Dec. 614, 619 (1st Dist.1988) (no liability for injuries on public way unless employer appropriates for own use).

The court does not say that defendant will ultimately be held liable for plaintiff's injuries. It is quite conceivable that plaintiff was significantly more responsible for his injuries than defendant and, therefore, barred from recovery. Ill.Rev.Stat. ch. 110, ¶ 2–1116 (1991). In any event, these questions of proximate cause and percentage of fault are for the trier of fact, not a question to be decided at law. *Trevino*, 916 F.2d at 1235; *Ackerberg v. Metropolitan Rail*, 773 F.Supp. 111, 113 (N.D.Ill. 1991). Thus defendant's third contention, that the sole proximate cause of plaintiff's injuries was his own negligence, is also not properly decided by the court.

### CONCLUSION

For the previously-stated reasons, defendant Allied Product Corporation's motion for summary judgment is denied.

IT IS SO ORDERED.