MERLE FRIEDMAN, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—01—1536

Opinion filed September 6, 2002.

John D. Cooney, of Chicago, for appellant.

Scott W. Hoyne and James E. Phelan, both of Johnson & Bell, Ltd., of Chicago, for appellee Main Street and Main Incorporated.

Broderick, Steiger & Maisel, of Chicago (Anthony J. Ritovato, of counsel), for appellee State and Kinzie Associates.

Robert Marc Chemers and Scott Howie, both of Pretzel & Stouffer, Chtrd., of Chicago, for appellee City of Chicago.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Merle Friedman, commenced this action against defendants, City of Chicago, Red Fish Restaurant (Red Fish), and State and Kinzie Associates (State and Kinzie), sounding in negligence. The trial court granted summary judgment in favor of Red Fish and State and Kinzie. The City of Chicago settled with the plaintiff and is not a party to this appeal. Plaintiff raises two issues on appeal.

The record establishes the following undisputed facts. On August 17, 1998, Merle Friedman suffered injuries when she fell on a sidewalk outside the Red Fish Restaurant located at the corner of State Street and Kinzie Street in Chicago. Defendant State and Kinzie was the owner of the building and defendant Red Fish was the owner of the restaurant.

Red Fish had erected a barrier for an outdoor café which encompassed a portion of the sidewalk outside of the restaurant, just west of the entrance. Ms. Friedman was walking east along Kinzie Street toward the entrance to the Red Fish Restaurant. As she walked around the barrier for the outdoor seating area, she fell on a portion of the sidewalk that was cracked and uneven. Ms. Friedman fell near the curb and was lying with her head toward the street. Ms. Friedman's son-in-law was meeting her at the restaurant, and when he arrived, he saw her on the ground. He took Ms. Friedman to the hospital.

Ms. Friedman filed a complaint alleging that each of the defendants owned, managed and/or maintained the sidewalk where her injury occurred. She alleges that both Red Fish and State and Kinzie had an agreement with the City of Chicago to occupy, manage and control the sidewalk area outside the Red Fish Restaurant. She alleges that defendants were negligent, causing a dangerous and defective condition that caused her injuries.

The trial court granted summary judgment in favor of defendants Red Fish and State and Kinzie and against plaintiff. The trial court found that if the defendants have a duty to maintain the sidewalk, that duty only extends to the portion of the sidewalk actually appropriated. The trial court further determined that the pictures indicate Red Fish had appropriated approximately one-third of the sidewalk.

On appeal, the plaintiff contends that the case law does not support a finding that Red Fish's duty to maintain extends only to the area of sidewalk actually appropriated. The plaintiff further contends that the amount of sidewalk appropriated by Red Fish is a question of fact. Finally, the plaintiff maintains that the defendants assumed the duty to maintain and repair the sidewalk by contractually exerting control over the sidewalk.

## DISCUSSION

■■ A court will grant summary judgment when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Purtill*

*v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986); 735 ILCS 5/2—1005(c) (West 2000). In determining whether summary judgment is appropriate, the trial court must construe all pleadings, depositions, admissions and affidavits strictly against the moving party and liberally in favor of the opponent. *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871. In an action based upon negligence, the plaintiff must set out sufficient facts establishing a duty owed by the defendant to the plaintiff, a breach of that duty and that the injury was proximately caused by the breach. *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 411, 583 N.E.2d 538, 541 (1991). The existence of a duty must be determined by the court as a matter of law, but the questions of whether there was a breach and whether that breach was a proximate cause of the injury are questions of fact for the jury. *Rodriguez v. Norfolk & Western Ry. Co.*, 228 Ill. App. 3d 1024, 1037-38, 593 N.E.2d 597, 607 (1992).

■ Whether a duty exists depends upon whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 566 N.E.2d 1365 (1991). Generally, "[i]n considering whether a duty exists in a particular case, a court must weigh the foreseeability that defendant's conduct will result in injury to another and the likelihood of an injury occurring, against the burden to defendant of imposing a duty, and the consequences of imposing this burden." *Ziemba*, 142 Ill. 2d at 47.

■ The general rule regarding the duty of a business occupier of any premises is that it must provide a reasonably safe means of ingress to and egress from the premises, but ordinarily it will not be held liable for any injuries incurred on a public sidewalk under the control of a municipality, even though the sidewalk may also be used for ingress or egress to the premises. *Schuman v. Pekin House Restaurant*, 102 Ill. App. 3d 532, 534, 430 N.E.2d 145, 146 (1981); *Repinski v. Jubilee Oil Co.*, 85 Ill. App. 3d 15, 21, 405 N.E.2d 1383, 1388 (1980); *Decker v. Polk Brothers*, 43 Ill. App. 3d 563, 565, 357 N.E.2d 599, 600 (1976). However, if the occupier of the premises appropriates the sidewalk for its own use, it then has a duty to insure that the sidewalk is safe. *Dodd v. Cavett Rexall Drugs, Inc.*, 178 Ill. App. 3d 424, 432, 533 N.E.2d 486, 491 (1988); see also *McDonald v. Frontier Lanes, Inc.*, 1 Ill. App. 3d 345, 352, 272 N.E.2d 369, 373 (1971); *Cooley v. Makse*, 46 Ill. App. 2d 25, 30, 196 N.E.2d 396, 398 (1964).

In the case at bar, defendants maintain that any duty to maintain the sidewalk extends only to that part of the sidewalk that was appropriated. The trial court agreed. The plaintiff, however, argues that the case law does not support such a finding. The plaintiff maintains

that a duty of reasonable care is owed by those who assume the use of the sidewalk for their business purposes. Plaintiff cites *King v. Swanson*, 216 Ill. App. 294 (1919), *Donovan v. Raschke*, 106 Ill. App. 2d 366, 246 N.E.2d 110 (1969), *McDonald v. Frontier Lanes, Inc.*, 1 Ill. App. 3d 345, 272 N.E.2d 369 (2d Dist. 1971), and *Gilmore v. Stanmar, Inc.*, 261 Ill. App. 3d 651, 633 N.E.2d 985 (1994), as illustrative of cases wherein the higher duty has been imposed.

In *King*, the plaintiff slipped on ice which had accumulated on the sidewalk in front of the defendant's laundry. The evidence showed that although snow and ice covered the entire sidewalk, a certain 4-foot wide strip between the curb and the shop was especially slippery due to defendant's dragging large laundry baskets across it. The court stated the duty of the abutting landowner as follows:

> "It is true that abutters upon the street may use the sidewalk in front of their premises for the purpose of loading and unloading goods or merchandise, and may thus temporarily obstruct the use of the street, providing it is reasonably necessary to do so. But where an abutter does so, it is his duty to see that such use does not make the sidewalk dangerous for persons rightfully using it." *King*, 216 Ill. App. at 298.

Because the defendant's use of the sidewalk in his personal business rendered the sidewalk unsafe, the court held him responsible for the resulting injuries.

In *Donovan*, the trial court had directed a verdict for the defendant who had caused building materials to be placed on the sidewalk in front of his building while remodeling work was being done by a contractor. Scaffolding and other construction materials on the sidewalk allowed only a narrow space for passage. As the plaintiff walked by, she tripped over a roll of wire mesh which fell in front of her. The court stated the owner's duty as follows:

> "An owner of property which abuts a public sidewalk owes a duty to keep the sidewalk free from any condition which may create a danger or a hazard to persons lawfully upon the street. [Citation.] And the duty thus imposed on the owner is nondelegable." *Donovan*, 106 Ill. App. 2d at 369-70.

The court found ample evidence to warrant submission of the case to the jury and found that the trial court erred in directing the verdict.

In *McDonald*, plaintiff was injured when she fell in a hole 12 inches deep and 2 feet wide in the parkway next to defendant's parking lot. The hole was the result of trenching undertaken to install a gas line to defendant's business. The evidence revealed that defendant assumed control of the parkway for the ingress and egress of its patrons, allowed patrons to park in such a way as to necessitate their

use of the parkway, and knew of the hole's existence for some time before the accident. In upholding the defendant's liability, the court recognized both the duty of an inviter to provide an invitee with reasonably safe means of ingress and egress and also the abutting landowner's duty of reasonable care to noninvitees where he has assumed the use of the sidewalk-parkway.

In *Gilmore*, the plaintiff was injured when his vehicle collided with a police car at an intersection in Chicago. The defendants had erected a pedestrian canopy along the sidewalk that extended six feet into the street. The plaintiff alleged that the canopy interfered with the use by motorists of the street because it partially obscured their vision and also because it prevented plaintiff from taking evasive action and swerving his vehicle to avoid the collision. The court found that the duty espoused in *King, Donovan,* and *McDonald* to use reasonable care when taking the sidewalk for business purposes extends also to a taking of part of the street. The court held that by building over the public sidewalk and street for their own business purposes, the defendants subjected themselves to the duty to act with reasonable care toward anyone lawfully on the street.

The cases cited by defendants can each be distinguished from the case at bar. In both *Decker v. Polk Brothers, Inc.*, 43 Ill. App. 3d 563, 357 N.E.2d 599 (1976), and *Dodd v. Cavett Rexall Drugs, Inc.*, 178 Ill. App. 3d 424, 533 N.E.2d 486 (1988), the court declined to impose a duty on the defendants because there was no evidence that defendants made an affirmative act of appropriating the sidewalk.

■ Here, we find that the defendants had a duty to use reasonable care when appropriating the sidewalk for their own business purposes. To be clear, we are not imposing a duty upon defendants to repair or maintain the public sidewalk. We find that by sectioning off a portion of the sidewalk for use as an outdoor café, the defendants subjected themselves to the duty to act with reasonable care toward anyone lawfully on the sidewalk. As the *Donovan* court noted, this is not an unlimited duty requiring the defendants to insure the plaintiff against any contingency, but it is the duty of reasonable care articulated in *King*. Whether the defendants breached this duty is a question that should be left to a jury. *Johnson v. Hoover Water Well Service, Inc.*, 108 Ill. App. 3d 994, 439 N.E.2d 1284 (1982).

We note that despite the trial court's findings that the defendants apportioned only one-third of the sidewalk and "there was a substantial amount of room left for pedestrian traffic," we could not find support for these findings in the record. Apparently, the trial court relied on pictures to make such findings. The plaintiff has presented evidence that she was forced to walk over the defective area

of the sidewalk in order to get around the defendants' outdoor café. We find that these questions go toward whether the defendants breached their duty of reasonable care and should be left to a jury.

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings in accordance with this ruling.

Reversed and Remanded.

COHEN, P.J., and McNULTY, J., concur.